UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JAMES WHEELER,

    Plaintiff,

v.                                                          Case No. 2:17-CV-51

NATIVE COMMERCE STUDIOS, LLC,           HON. GORDON J. QUIST

    Defendant.
_____/

## **OPINION AND ORDER GRANTING IN PART**
## **DEFENDANT'S MOTION TO DISMISS**

Plaintiff, James Wheeler, brought a class action complaint against Defendant, Native Commerce Studios, LLC, alleging four claims. First, that Native violated the Michigan Consumer Protection Act, MCL § 445.903 *et seq.*; second, that Native committed fraudulent concealment against Wheeler; third, that Native breached a contract between the two parties; and fourth, that Native violated the Electronic Funds Transfer Act (EFTA), 15 U.S.C. § 1693e. Native has filed a motion to dismiss all claims. (ECF No. 11.)

15 U.S.C. § 1693m(g) requires consumers to file EFTA claims "within one year from the date of the occurrence of the violation." Native asserts that Wheeler's EFTA claim is barred because Wheeler alleges that he purchased the lighter in January 2016, and that Native enrolled him in the membership program around the same time. Neither party gives a specific date as to when Wheeler's account was first debited for the membership, but because Wheeler does not deny Native's argument that the first debit occurred more than one year before the filing of the complaint—March 17, 2017—the Court assumes that the first of recurring debits occurred more

than one year before March 17, 2017. Wheeler asserts that the statute of limitations period runs after each individual "violation" of the EFTA, and that he can therefore sue for each debit that occurred within the 12 months prior to his March 17, 2017, filing.

The EFTA requires consumers to file claims "within one year from the date of the occurrence of the violation." In *Wike v. Vertrue, Inc.*, 566 F.3d 590 (6th Cir. 2009), the Sixth Circuit said that "the one-year limitations period began when the first recurring transfer took place." *Id.* at 593. "[A]s a 'standard rule,' the statute of limitations begins to run 'when the plaintiff has a complete and present cause of action' and thus 'can file suit and obtain relief.'" *Id.* (quoting *Bay Area Laundry & Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal., Inc.*, 522 U.S. 912, 201, 118 S. Ct. 542, 549 (1997)). However, *Wike* did not specifically answer the question about when the statute commences in a recurring payment situation like we have in the instant case. But a majority of district courts have held that the statute starts to run on all recurring payments upon completion of the first payment. For example, *Harvey v. Google Inc.*, 2015 WL 9268125 (N.D. Cal. Dec. 21, 2015) states:

> However, courts have held that the first recurring transfer not only triggers the one year limitations period as to that transfer, but it also triggers the limitations period for all ensuing transfers. *See Camacho v. JPMorgan Chase Bank*, No. 5:14-CV-04048-EJD, 2015 WL 5262022 (N.D. Cal. Sept. 9, 2015) and *Pelletier v. Pac. WebWorks, Inc.*, No. CIV S-09-3503 KJM, 2012 WL 43281 (E.D. Cal. Jan. 9, 2012). There is no applicable "continuing violation" doctrine to save the claim from the time bar of EFTA if the first recurring transfer falls outside the limitations period, even if there are later transfers which do fall within the period.

Plaintiff's case, *Diviacchi v. Affion Grp. Inc.*, 2015 WL 36316051 is, as pointed out in *Harvey*, a "minority" view:

> Although the consumer is financially injured with each transfer, the basis of the wrongful conduct is the failure to obtain proper authorization in the first instance. The EFTA claim based on such conduct is fully consummated when the first unauthorized transfer is made. Under *Wike*, the consumer is able to bring suit as

soon as that claim accrues; there is no need to rely on a continuing violations rule
to protect the consumer's right to bring suit.

*Harvey* at ft. nt. 1.

Wheeler does not deny he filed his complaint more than a year after the first of the alleged recurring violations—the first time Native first withdrew the allegedly unconsented-to funds from his bank account. His cause of action accrued then, and the statute of limitations period was not tolled for the duration of his membership in the Family Protection Association. Therefore, Wheeler's EFTA claim will be dismissed because it is barred by the statute of limitations, as interpreted by *Wike*, and the majority of district courts.

## CONCLUSION AND ORDER

Wheeler's EFTA claim is barred by the statute of limitations. Therefore, Native's motion to dismiss Count 4 (ECF No. 11) is hereby **GRANTED**.

Dated: January 17, 2018                                  /s/ Gordon J. Quist
                                                        GORDON J. QUIST
                                                    UNITED STATES DISTRICT JUDGE